# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **WILLIAM D. BARNETT,**  # 149264, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 13-0482-CG-C |
| **GWENDOLYN LIGHTNER,** *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

## I. Complaint (Doc. 4).[1]

Plaintiff named Gwendolyn Lightner, acting warden of Mobile Work Release ("work release"), and Ellie Hester, classification specialist at work release, as defendants. (Doc. 4 at 5). He alleges that on July 11, 2013, defendants "treated the Plaintiff differently by not recommend[ing] the Plaintiff min-out I custody at Mobile Work Release, as the same inmates like Colin Jones # AIS 210573, and Rodney Crum # AIS 267766[.] [They] den[ied] the Plaintiff equal protection law discrimination." *Id.* at

---

[1]  Plaintiff's original complaint was sent to the Court unsigned. (Doc. 1). It was returned to him for his signature, which is the complaint before the Court. (Docs. 3, 4).

4. He further maintains that they failed "to treat similarly situated people alike[.]" *Id.* at 5. For relief, plaintiff seeks "an order [for] the Defendant[]s to recommend[] Plaintiff min-out one custody or judgment against the Defendants of $1,000,000 each." (*Id.* at 7).

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding *in forma pauperis*, the Court is reviewing his complaint (Doc. 4) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[2] A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of

---

[2]The frivolity and the failure-to-state-a-claim analysis contained in *Neitzke v. Williams* was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). *Id.* at 1348-49.

action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949.

When considering a *pro se* litigant's allegations, a court holds them to a more lenient standard than those of an attorney, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972), but it does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010) (relying on *Iqbal*, 556 U.S. 662, 129 S.Ct. 1937). The court treats factual allegations as true, but it does not treat conclusory assertions or a recitation of a cause of action's elements as true. *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951. Moreover, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**III. Analysis.**

Plaintiff's brief complaint alleges a violation of his equal protection rights when defendants denied him "min-out I" custody that was granted to the two named inmates who are alleged to be "similarly situated" to plaintiff. In his allegations, he does not identify the reason for the discrimination and the similarities he shares with the two named inmates who received the favorable treatment.

"The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly situated people alike." *Hernandez v. Florida Dep't of Corrs.*, 281 F. App'x 862, 867 (11th Cir. 2008) (citing *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). In order for a prisoner to establish an equal protection claim, he must allege: "(1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some

3

constitutionally protected interest such as race." *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001) (quotation omitted). In the prison context, interests that are protected by the Constitution from invidious discrimination are "race, religion, national origin, poverty or some other constitutionally protected interest." *Damiano v. Florida Parole & Prob. Comm'n*, 785 F.2d 929, 932–33 (11th Cir.1986); *see Cruz v. Skelton*, 543 F.2d 86, 92-93 (5th Cir. 1976) (invidious intent is required to be shown to state an equal protection claim as mere statistical disparity is insufficient), *cert. denied*, 433 U.S. 911 (1977).

In *Jones, supra*, the Court affirmed the dismissal of the prisoner's equal protection claim that he was denied parole "on the basis of poverty in violation of the Equal Protection Clause by failing to adhere to its own rules and procedures." 279 F.3d at 946-947. The Court, employing the liberal pleading standard for a *pro se* litigant, found that the prisoner's allegations did not contain any facts to support his claims. *Id.* In *Fuller v. Georgia State Bd. of Pardons & Paroles*, 851 F.2d 1307 (11th Cir. 1988), the Court found that the prisoner failed to show that he was similarly situated to inmates who were granted parole in the areas of "criminal history, nature of offense, disciplinary records, employment and educational history, etc." *Id.* at 1310. In *Bumpus v. Watts*, 448 F. App'x 3 (11th Cir.) (unpublished), *cert. denied,* 132 S.Ct. 2395 (2012), the Court affirmed the district court's dismissal of the prisoner's equal protection claim because the prisoner who worked on the outside was not similarly situated to the prisoners who worked inside. *Id.* at **3. The prisoner had challenged the requirement that prisoners who worked on the outside of the prison on the landscape crew had to check in on days off when prisoners who worked inside in the kitchen did not have to check in on days off. *Id.* Then, in *Armstrong v. Golson*, No. 2:12-CV-647-WHA, 2012 WL 3763679, at *1(M.D. Ala. Aug. 1, 2012) (unpublished), the court found the plaintiff failed to state an equal protection claim when he did not allege that his custody level was not lowered on

4

account of a constitutionally impermissible reason while other inmates with greater offenses had their custody downgraded, which ostensibly would provide access to more favorable programs. *Id.* at *2.

In the present action, no facts are provided to show the similarities that plaintiff has in common with the two named inmates. Plaintiff just conclusorily asserts that they are similarly situated to him. Furthermore, plaintiff also does not identify the constitutionally protected basis on which this alleged discrimination against him occurred. Basically, plaintiff's extremely brief complaint is barren of facts that would support his conclusions that he was discriminated against, that he was similarly situated with the two named inmates, and that his equal protection rights were violated, and consists wholly of conclusory allegations. Plaintiff's complaint, more or less, recites the elements of an equal protection claims using conclusions alone for the elements. *See Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949 (finding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). In view of this absence of supporting facts, plaintiff has failed to state a plausible claim for a violation of his equal protection rights.

**IV. Conclusion.**

Based upon the foregoing reasons, and due to the nature of the proof required to state an equal protection in this context, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.[3]

---

[3] The Court observes in passing that in the case of *Francis v. Fox*, 838 F.2d 1147 (11th Cir. 1988), the Eleventh Circuit affirmed the district's court decision that used the methodology from *Hewitt v. Helms*, 459 U.S. 460, 466 (1983), to determine that an inmate did not have a state-created liberty interest in obtaining placement with the Alabama Department of Corrections' work release program. *Francis*, 838 F.2d at 1148-50. Subsequently, the Supreme Court in *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." *Dupree v. Warden,* 715 F.3d 1295, 1300 (11th Cir. 2011). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

---

L.Ed.2d 418 (1995), abandoned *Hewitt*'s methodology for determining if an inmate has a liberty interest. *Id.* at 479-84 & n.5, 115 S.Ct. at 2299-2300 & n.5. In *Sandin,* the Court announced that it was returning to prior principles that required an inmate suffer a "grievous loss," rather than combing the mandatory language of regulation, before a liberty interest could be found. *Id.* at 481, 115 S.Ct. at 2298-99.

  The *Sandin* Court held that in the future liberty interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, (citations omitted), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484, 115 S.Ct. at 2300. Using this rationale, an Alabama prison inmate's claim that he was entitled to work release placement has been held to be without merit because "the law is well settled that an inmate has no constitutionally protected interest in work release because the failure to place an inmate in this program does not impose 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Armstrong v. Golson,* No. 2:12-CV-647-WHA, 2012 WL 3763679, at *4 (M.D. Ala. Aug. 1, 2012) (unpublished) (quoting *Sandin*, 515 U.S. at 484), *adopted*, 2012 WL 3761976 (M.D. Ala. Aug. 29, 2012). *See Kitchen v. Upshaw,* 286 F.3d 179, 188 (4th Cir. 2002) (finding that an inmate has no constitutionally protected interest to participate in work release because "it is clear that being denied permission to leave jail in order to work is nothing more than an ordinary experience of inmates."). Then, it follows that plaintiff does not have a liberty interest that has been impacted by the denial of a more favorable custodial status while already participating in the work release program.

specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 18th day of June, 2014.

s/ WILLIAM E. CASSADY<br>
UNITED STATES MAGISTRATE JUDGE